## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| FATIMA LAWRENCE<br>725 E. Price Street<br>Philadelphia, PA 19144<br>　　　　Plaintiff,<br><br>　　v.<br><br>AT-HOME QUALITY CARE, LLC<br>231 Northern Blvd., Suite A<br>Clarks Summit, PA 18411<br>　　　　Defendant | Civil Action: _____<br><br>JURY TRIAL DEMANDED |

---

## COMPLAINT

Plaintiff Fatima Lawrence ("Plaintiff"), by and through her attorneys, brings this action against At-Home Quality Care, LLC ("Defendant") and alleges, as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this Complaint contending that Defendant has improperly failed to pay her overtime compensation pursuant to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.110, *et seq*, and the Pennsylvania Wage Payment Collection Law ("WPCL"), 43 Pa. Con. Stat. § 260.1 *et seq*.

2. At all times material hereto, Plaintiff has been employed by Defendant as a Live-In Care Worker. Plaintiff has regularly worked more than forty (40) hours per week, but has not been properly compensated for her work in that Plaintiff has not been paid an overtime premium calculated at 1.5 times her regular rate of pay for each hour worked in excess of 40 hours in a work week, as required by the FLSA.

3. Additionally, Defendant has engaged in a long-term scheme of wage abuse against its Live-In Care Workers, habitually deducting ninety (90) minutes of compensable pay from each shift worked, regardless of whether Plaintiff actually received three (3) uninterrupted, thirty (30) minute meal time breaks for breakfast, lunch, and dinner, resulting in unpaid wages and overtime compensation in violation of the FLSA and PMWA.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer ... in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

5. The Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343.

6. This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as the FLSA claims.

7. The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the parties reside in this judicial district, doing business therein, and the unlawful practices of which Plaintiff is complaining were committed in the Commonwealth of Pennsylvania.

## PARTIES

8. Plaintiff currently resides at 725 East Price Street, Philadelphia, PA 19144.

9. Defendant is a "private employer" and covered by the FLSA.

10. Upon information and belief, Defendant At-Home Quality Care, LLC is a for-profit business entity, duly organized and existing under the laws of the Commonwealth of Pennsylvania, and is registered and licensed to engage in business, and is engaged in business, in the Commonwealth of Pennsylvania, with a principal place of business, at 231 North Boulevard, Suite A, Clarks Summit, PA 18411.

11. Plaintiff has been employed by Defendant during all relevant times hereto and as such, is an employee entitled to the FLSA's protections. See 29 U.S.C. § 203(e).

## FACTUAL ALLEGATIONS

12. Paragraphs 1 through 11 are hereby incorporated by reference as though the same were fully set forth at length herein.

13. In or around June 2016, Plaintiff began her employment with Defendant in the position of a Live-In Care Worker.

14. Plaintiff worked from in or around June 2016 through in or around July 2017 and then worked again from in or around November 2017 through on or around April 2, 2018.

15. At the outset of her employment, Plaintiff was assigned as a Live-In Care Worker, where she would be required to stay at the client's house for twenty-four (24) hours per day, for seven (7) days a week. Plaintiff was supposed to spend fourteen and one half hours (14.5) hours per day working, eight (8) hours sleeping, and ninety (90) minutes taking meal time breaks (breakfast, lunch, and dinner). See Live-In Care Worker Compensation Acknowledgment Form (Exhibit "A.") Furthermore, Plaintiff was paid at the same daily rate for Monday through Friday and then paid the same daily rate for Saturday and Sunday, regardless of the number of hours actually worked.

16. Despite the aforementioned schedule, Plaintiff regularly worked sixteen (16) hours per day, seven (7) days a week, including through her meal breaks.

17. As a result of the aforementioned schedule, Plaintiff routinely worked in excess of forty (40) hours per week. In fact, in a typical workweek, Plaintiff would work approximately one hundred and twelve (112) hours.

18. By way of example, in a one (1) week pay period beginning February 14, 2017 and ending on February 24, 2017, Plaintiff worked a total of one hundred and twelve (112) hours, which is the approximate number of hours that Plaintiff regularly worked.

19. However, despite working about seventy two (72) hours in overtime per week, including approximately ten and one half (10.5) overtime hours during her supported meal periods, in that weekly period, Plaintiff did not receive any overtime compensation for the hours she worked above forty (40) which included working through the time allotted for breakfast, lunch, and dinner breaks, in the workweek.

20. Despite the fact that Plaintiff worked in excess of forty (40) hours per week, Plaintiff did not receive overtime compensation at a rate of 1.5 times her regular rate of pay for hours worked in excess of forty (40) hours in a workweek.

21. In violation of the provisions of the FLSA, Defendant unlawfully failed to track, record, and report all the hours worked by Plaintiff.

22. During her scheduled shift, Plaintiff, in accordance with Defendant's policies and practices, was supposed to receive three (3) unpaid meal breaks per day and eight (8) hours of unpaid sleep time per night.

23. It is Defendant's policy and practice to automatically deduct ninety (90) minutes of compensation from each employee during each scheduled shift. Plaintiff however did not receive three (3) uninterrupted thirty (30) minute meal breaks during every shift worked, and routinely performed work during her meal periods on a near-daily basis. This policy and practice is further proof and evidence of Defendant's willful and unlawful practice of not paying Plaintiff for all hours worked and of Defendant's failure to follow the provision of the FLSA.

24. As a result of the aforementioned policies and practices of Defendant, Plaintiff was denied, on a near-daily basis, pay, compensation, and/or overtime compensation for, at a

minimum, ninety (90) minutes of compensable work performed as well as any hours worked in excess of forty (40) hours in a workweek.

25. The aforementioned policies and practices of Defendant violate the FLSA, and as a result, Plaintiff has suffered loss of wages, compensation, and/or overtime compensation.

26. Plaintiff performed the same, traditionally non-exempt job duties, which included, but were not limited to, bathing, dressing, cleaning, and preparing meals for clients.

27. From the date of Plaintiff's hire in June 2016 until her termination on or around April 2, 2018, Defendant classified Plaintiff as "non-exempt" from the minimum wage and overtime compensation requirements of the FLSA/PMWA.

28. Plaintiff was non-exempt from the overtime provisions of the FLSA/PMWA from June 2016 through April 2, 2018, in that, during that time period, Plaintiff was paid at the same daily rate and did not meet the requirements of one or more exemptions under the FLSA/PMWA.

29. Plaintiff did not have the authority to hire, fire, or discipline other employees of Defendant.

30. Accordingly, Plaintiff did not qualify for the exemption for executive employees under the FLSA/PMWA.

31. Plaintiff did not exercise discretion or independent judgment regarding matters of significance. Accordingly, Plaintiff was not exempt from overtime compensation pursuant to the exemption of the administrative employees under the FLSA/PMWA.

32. Accordingly, Plaintiff was not exempt from overtime compensation pursuant to the exemption for learned professionals under the FLSA/PMWA.

33. Further, the clerical duties Plaintiff performed did not render Plaintiff exempt pursuant to the learned professional exemption during this time period, as these duties did not

require advanced knowledge in field of science or learning acquired through a prolonged course of intellectual instruction.

34. Additionally, Plaintiff was employed by a third-party agency, and therefore no other exemptions would be applicable.

35. Finally, there are no other exemptions under the FLSA and/or PMWA which could arguably be applicable to Plaintiff.

36. Accordingly, Plaintiff was within the meaning of the FLSA, non-exempt employees of Defendant.

37. Defendant knew or showed reckless disregard in its failure to track and record the hours actually worked by Plaintiff, and in its failure to properly compensate Plaintiff for all wages, compensation, and overtime pay, in violation of the FLSA.

38. Defendant failed to pay Plaintiff at a rate of at least 1.5 times her regular rate of pay for each hour that she worked in excess of 40 hours in a work week.

39. As a result of Defendant's aforesaid illegal actions, Plaintiff has suffered damages

40. As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to economic damages.

## COUNT I
## FAIR LABOR STANDARDS ACT
## 29 U.S.C § 201, et seq.
## **FAILURE TO PAY OVERTIME COMPENSATION**

41. Paragraphs 1 through 40 are hereby incorporated by reference as though same were fully set forth at length herein.

42. Pursuant to Section 206(b) of the FLSA, all employees must be compensated for every hour worked in a workweek.

42. Moreover, Section 207(a)(1) of the FLSA states that employees must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of (40) forty hours per week.

43. According to the policies and practices of Defendant, Plaintiff was required to work in excess of forty (40) hours per week. Plaintiff was denied overtime compensation for compensable work performed in excess of forty (40) hours per week, in violation of the FLSA.

44. Defendant also failed to pay Plaintiff for all hours worked, including for work performed for Defendant during her unpaid meal breaks.

45. The foregoing actions of Defendant violate the FLSA.

46. Defendant's actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

47. Defendant is liable to Plaintiff for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. 216(b), as well as reasonable attorney's fees, costs, and expenses.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant and grant Plaintiff the maximum relief allowed by law, including, but not limited to:

A. Adjudicating and declaring that Defendant's conduct as set forth herein and above is in violation of the FLSA;

B. Adjudicating and declaring that Defendant violated the FLSA by failing to pay compensation and/or overtime pay to Plaintiff for compensable hours in excess of forty (40) hours per week and for all hours worked;

C. Awarding Plaintiff back wages and/or overtime wages in an amount consistent with the FLSA;

D.      Awarding Plaintiff liquidated damages in accordance with the FLSA;

E.      Awarding Plaintiff reasonable attorney's fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

F.      Awarding pre and post-judgment interest and court costs as further allowed by law;

G.      Such other and further relief as is just and equitable under the circumstances.

## COUNT II
## PENNSYLVANIA MINIMUM WAGE ACT OF 1968
## 43 P.S. § 333 *et seq.*

48.     Paragraphs 1 through 48 are hereby incorporated by reference as though same were fully set forth at length herein.

49.     The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to its employees. See 43 P.S. § 333.113.

50.     The Pennsylvania Minimum Wage Act further provides that "employees shall be paid for overtime not less than one and one half times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek. See 43 P.S. § 333.113.

51.     By its actions alleged above, Defendant has violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation and for failing to properly pay Plaintiff for all hours work.

52.     As a result of Defendant's unlawful acts, Plaintiff has been deprived of overtime compensation in amounts to be determinate at trial, and are entitled to recovery of such amounts, together with interest, costs and attorney's fees pursuant to Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant and grant her the maximum relief allowed by law, including, but not limited to:

A.  An award to Plaintiff for the amount of unpaid overtime compensation to which she is entitled, including interest thereon, and penalties subject to proof;

B.  An award to Plaintiff of reasonable attorney's fees and costs pursuant to the Pennsylvania Minimum Wage Act; and

C.  An award to Plaintiff for any other damages available to her under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

## COUNT III
## PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW
### 43 Pa. Con. Stat. § 260.1 *et seq.*

53.  Paragraphs 1 through 52 are hereby incorporated by reference as though same were fully set forth at length herein.

54.  The foregoing actions and/or commissions of Defendant constitute violations of the Pennsylvania Wage Payment and Collection Law, 43 Pa. Con. Stat. § 260.1 *et seq.*

**WHEREFORE,** Plaintiff pray for relief on behalf of herself to the fullest extent permitted by law including, but not limited to, unpaid wages and liquidated damages, and the award of any and all damages Plaintiff is entitled to under applicable law.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: _____
Michael Murphy, Esquire
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
murphy@phillyemploymentlawyer.com
*Attorney for Plaintiff*

Dated: January 25, 2019

## **DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to her potential claims and her claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.